# KENNETH ROSELLINI

## ATTORNEY AT LAW

636A Van Houten Avenue
Clifton, New Jersey 07013

————

(973) 998-8375
Fax (973) 998-8376
E-mail KennethRosellini@Gmail.com

NEW JERSEY AND NEW YORK BARS

April 24, 2017

(Via ECF)
Honorable Rosemary Gambardella, U.S.B.J.
United States Bankruptcy Court
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

Re:     *In re Felice Di Sanza*
        Bankruptcy Docket No.: 17-10984-RG
        Chapter 11

Dear Judge Gambardella:

As Your Honor knows, I have represented the Debtor Felice Di Sanza in the above-referenced matter.  I am in receipt of the letter filed by Matthew M. Cabrera, Esq. on today's date.  I have received no prior written correspondence from Mr. Cabrera.  I was informed by my client on Wednesday, April 19 that he was seeking new counsel, and therefore I have awaited contact from new counsel before taking any further action in this case.  I have received no proposed substitution of counsel.  Because Mr. Cabrera's revelation of alleged attorney-client privileged communications in his letter are used as a sword to allege that I provided inadequate legal counsel, I assert that the privilege has been waived for purposes of allowing me to produce otherwise privileged communications in my defense and under my obligation of candor with the court.

First, Mr. Cabrera's letter asserts that, "Under the terms of the Order, Knighthead would receive relief from the automatic stay . . . ."  This is false, in fact Knighthead received relief from the automatic stay in a contested motion by order of this court dated February 15, 2017 (docket entry 19).  The proposed order resolving the motion for dismissal by Knighthead (the U.S Trustee also filed a motion to dismiss, Debtor asked me to have his bankruptcy dismissed, and I filed a cross-motion to dismiss) only addresses the issue as to prospective relief from the automatic stay in future bankruptcies—which I consented to after I counseled Debtor on the issue.

Second, Mr. Cabrera's letter asserts that, "Mr. Di Sanza stated that he was unaware that his prior attorney, Kenneth Rosellini, Esq. entered into a stipulation with counsel for Knighthead at the March 28, 2017 (sic) which would grant Knighthead relief from the automatic stay."  This is false for the reasons set forth in the paragraph above.  Mr. Di Sanza was counseled by me on the issue of prospective relief from the stay prior to the hearing and subsequent to the hearing.

Third, Mr. Cabrera's letter asserts that the, "subject property is his [Mr. Di Sanza's] residence . . . ." My client informed me that his residence is 238 Woodside Avenue, Ridgewood, New Jersey 07450, as appears on the petition and which was the basis for his credit counseling certificate for the District of New Jersey. Therefore, it is my understanding that 170 East 77th Street, Apartments 7A/8A, New York, New York 10075 is not Debtor's residence.

Fourth, Mr. Cabrera's letter asserts that the proposed stipulation alleges that the bankruptcy's "only purpose was to delay a pending foreclosure." This is false. I have never proposed representing that the "only purpose" of the bankruptcy filing was to delay a pending foreclosure. It is clear that the primary purpose of the within bankruptcy was to stay the foreclosure of 238 Woodside Avenue, Ridgewood, New Jersey 07450 for the purpose of reorganizing the debt on that property and preserving any equity that the Debtor may have in that property, as well as to preserve the right to reorganize and/or discharge his other debts.

Fifth, I am in receipt of the letter filed by counsel for the Creditor Sharestates Investments LLC (docket entry 45), and Debtor did not provide me with information regarding the existence of this alleged claim.

Lastly, with respect to the proposed whereas clauses in the proposed stipulation, I had informed Knighthead's counsel that the Debtor needed to have his general counsel review the proposed stipulations as to fact, as I could not verify them due to the fact they concerned issues in proceedings in the foreclosure matter and related bankruptcy in the Southern District of New York to which I am not counsel, and am not fully familiar. In addition, I believe they are unnecessary to address the issue of prospective relief from the automatic stay as discussed at the hearing.

Thank you, Your Honor for Your Honor's attention to this matter. If Your Honor has any questions, please do not hesitate to contact me.

Very truly yours,

/s/ Kenneth Rosellini

Kenneth Rosellini

Cc:   Jason S. Leibowitz, Esq., Counsel to Knighthead SSRE REIT, Inc. (via ECF)
      David Gerardi, Esq., Office of the U.S. Trustee (via ECF)
      Matthew M. Cabrera, Esq. (via ECF)