**JANET L. GOLD, ESQUIRE**
**EISENBERG, GOLD & AGRAWAL, P.C.**
**1040 n. Kings Highway, Suite 200**
**Cherry Hill NJ 08034**
**(856) 330-6200**
**Attorney for Sharestates Investments, LLC**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In Re: | : | CHAPTER 7 PROCEEDING |
| | : | |
| FELICE DI SANZA, | : | BANKRUPTCY CASE NO. 17-10984 |
| | : | |
| Debtor. | : | Hearing Date:  5/23/17 at 10 a.m. |
| | : | Objection Deadline:  5/16/17 |

### BRIEF IN SUPPORT OF MOTION TO ANNUL STAY AND CONFIRM ENTRY OF JUDGMENT AND ALLOW SALE OF NON-DEBTOR OWNED REAL ESTATE OR ALTERNATIVELY ALLOW CREDITOR TO VACATE JUDGMENT AGAINST THE DEBTOR AND PROCEED WITH SALE OF NON-DEBTOR OWNED REAL ESTATE

The facts set forth in the Certification of Janet L. Gold, Esquire are incorporated herein. Debtor granted a Consent Judgment to be held in escrow well in advance of the filing of this Bankruptcy proceeding and failed to notify Sharestates Investments, LLC ("Creditor") or Creditor's counsel that he had filed a Chapter 7 Bankruptcy proceeding on January18, 2017. After a Notice of Default was served on Debtor on February 2, 2017, a Judgment was entered against Debtor, Oakdale Suites, LLC and others on February 15, 2017.

Creditor is entitled to an annulment of the automatic stay because the Debtor acted in bad faith by intentionally failing to notify Creditor of the pending Bankruptcy proceeding and intentionally violating a Court Order to file Schedules.

This Court has the authority to and should enter an Order Annulling the Automatic Stay and validating the judgment entered in the Court of Common Pleas of Cumberland County

Pennsylvania as of the date of Debtor's filing on January 18, 2017. **In re *Siciliano*,** 13 F.3d 748 (3rd Cir. 1994). In ***Siciliano*** the Sheriff held a foreclosure sale three days after Siciliano filed a second bankruptcy petition without notifying either the foreclosing creditor or Sheriff. After the creditor became aware of the filing, it filed a motion before the Bankruptcy Court seeking an annulment of the stay. The Bankruptcy Court held that the sale was void and refused to grant retroactive relief from stay.

On appeal, the District Court affirmed the Bankruptcy Court. The Third Circuit reversed both the lower courts' finding that the Bankruptcy Court has the authority to validate the foreclosure sale even without the necessity of finding bad faith. Citing a Fifth Circuit case, the court held that "the power to annul authorizes the court to validate actions taken subsequent to the impressing of the §362(a) stay. ***Sykes v. Global Marine, Inc.,*** 881 F.2d 2176, 2178 (5th Cir. 1989)." ***Id*** at 751. *See also,* ***Albany Partners Limited v. Westbrook***, 749 F.2d 670 (11th Cir. 1984) and ***In re Easley***, 2001 W.L. 755460 (Bkrtcy. E.D.Pa. 2001).

After holding that the Bankruptcy Court had the authority to annul the automatic stay, validating the sale as an exception to the void *Ab Initio Rule,* the ***Siciliano*** court reviewed the record before it. In remanding to the Bankruptcy Court the Third Circuit noted that if the debtor had no equity in the property, the court should grant the appropriate relief to the secured creditor which can include annulling the stay and validating the sale. 13 F.2d at 752.

In the present case there is cause for relief from the automatic stay under §362(d) based upon the bad faith actions of the Debtor in failing to comply with the Court's order. In addition, the record shows that the Debtor has acted in bad faith by failing to notify the Creditor and Creditor's counsel or the Court in Pennsylvania of the pending bankruptcy despite notice of the impending judgment. Creditor should not be required to undergo the expense and time in

vacating and re-entering the entire judgment as a writ of execution has already been issued for the non-Debtor owned real estate and the cost of the additional litigation and relisting and readvertising the property for sale which as noted in the ***Easley*** case are considerable and unrecoverable. As such, Sharestates Investments, LLC respectfully requests that this Court grant an Order Annulling the Automatic Stay and validating the Judgment entered against the Debtor and allowing it to proceed to sale on the non-Debtor owned real estate or alternatively, allowing Creditor to vacate the judgment as to Debtor only and allowing it to proceed to sheriff sale on June 14, 2017 as to the non-Debtor owned real state.

                                            Respectfully Submitted,

Dated: April 27, 2017              /s/ Janet L. Gold
                                        JANET L. GOLD, ESQUIRE
                                        EISENBERG, GOLD & AGRAWAL, PC