UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
David Gerardi, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail: David.Gerardi@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _In re_: | : | Case No. 17-10984 (RG) |
|  | : | Chapter 11 |
| Felice Di Sanza, | : | The Honorable Rosemary Gambardella |
|  | : |  |
| Debtor. | : | Hearing Date: August 15, 2017 at 11:00 a.m. |
|  | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER COMPELLING DISGORGEMENT OF FEES**

The Acting United States Trustee ("U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby moves for an order compelling Kenneth Rosellini, Esquire to disgorge attorney fees in the above captioned case.

**FACTUAL SUMMARY**

1. On January 18, 2017, Felice DiSanza, (the "Debtor"), filed a voluntary Chapter 11 petition for relief under the Bankruptcy Code and has remained in possession of his assets and financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code. _See_ Docket Entry 1 and Certification of Tina Oppelt ("Oppelt Cert.") ¶ 2.

2. The docket reflects that Mr. Rosellini represented the Debtor, and that a Notice of

1

Substitution of Attorney was filed on May 9, 2017 which removed Mr. Rosellini as counsel. Docket Entry 53.

3. The docket reflects that on January 20, 2017, the Court filed a Notice of Missing Documents reflecting the following missing documents; Summary of Assets/Liabilities; Statement of Financial Affairs; Attorney Disclosure Statement; Statement of Current Monthly Income; 20 Largest Unsecured Creditors; List of All Creditors; Schedules A/B, C/D/E/F, I and J ("Missing Documents"). The Court's Notice advised that all Missing Documents were due by February 1, 2017 and extended by Court Order to February 27, 2017. *See* Oppelt Cert. ¶ 4.

4. Although the Debtor filed an Amended List of Creditors, he never filed any of the other Missing Documents. *See* Oppelt Cert. ¶ 5.

5. On February 15, 2017, the U.S. Trustee scheduled the initial debtor interview ("IDI") for February 28, 2017. *See* Oppelt Cert. ¶ 6. The Debtor failed to appear at the scheduled IDI. *See* Oppelt Cert. ¶ 7.

6. At the February 14, 2017 hearing, Debtor's counsel represented to the Court that this case was filed solely to delay a separately filed case in the Southern District of New York, Diamond Condo LLC (Case no. 16-10619 (MKV)), of which the Debtor is a principal.

7. On February 28, 2017, the U.S. Trustee filed a Motion to Dismiss for Failure to File Missing Documents and to attend the IDI. Docket Entry 26. The Debtor Cross Moved to Voluntarily Dismiss the Case. Docket Entry 27. The Debtor did not object to the U.S. Trustee's Motion. On June 20, 2017, this Court entered an Order dismissing the case. Docket Entry 65.

8. The Order also compelled Mr. Rosellini to file an accounting of his fees by June 30, 2017. *Id.* On July 3, 2017, Mr. Rosellini filed an accounting that he received $500 to represent the

2

Debtor in this case. Docket Entry 68.

## ARGUMENT

9. 11 U.S.C. § 329(b) allows the Court to order the return of any payment for legal services that is not reasonable. *See* 11 U.S.C. § 329(b). Assessing the reasonableness of a fee is consistent with the requirements of 11 U.S.C. § 330. *See* 3-329 COLLIER ON BANKRUPTCY ¶ 329.04.

10. Factors in assessing reasonableness include: (1) time spent on the services provided; (2) the rates charged for the services provided; (3) whether the services were necessary or beneficial to the completion of the case; (4) whether the services were performed with a reasonable amount of time given the complexity of the issues addressed; and (5) whether the fee is reasonable compared to customary compensation charged by comparably skilled professionals. *See* 11 U.S.C. § 330(a)(3).

11. In addition, the burden of proof is on the attorney to show that any compensation he or she has received is reasonable. *In re Veluz*, No. 14-20101 (DHS), 2015 WL 161002, *5 (Bankr. D.N.J. Jan. 9, 2015); *see also In re Snyder*, 445 B.R. 431, 438 (Bankr. E.D. Pa. 2010); *In re Ostas*, 158 B.R. 312 (N.D.N.Y. 1993).

12. Reasonableness of attorney's fees is not measured solely by the quantity of hours worked, but also by the quality of services provided. Regardless of the number of hours worked, disgorgement is appropriate where a bankruptcy court finds that the "services [the attorney] rendered to their debtors-clients . . . were of no value." *In re Vargas*, 257 B.R. 157, 166-67 (Bankr. D.N.J. 2001). *See also In re Javier Estrada, Inc.*, No. 09-50324, 2010 WL 958024

(Bankr. S.D. Texas Mar. 10, 2010) (granting disgorgement of the entire $10,000 fee paid to debtor's counsel where an examination revealed that the legal services provided both prior to and after the filing of the bankruptcy case were incompetently performed); *In re Geraci*, 138 F.3d 314 (7th Cir. 1998) (granting disgorgement because the attorney did not spend a significant amount of time doing legal work and there were no novel or difficult issues).

13. In *Hale v. United States Trustee*, 509 F.3d 1139 (9th Cir. 2007), the United States Court of Appeals for the Ninth Circuit affirmed a decision ordering an attorney to disgorge $250 in attorney's fees because the only service the attorney provided to the debtors was the filing of a bankruptcy petition that was incomplete and that required extensive amendments. The attorney had also failed to inform the debtors about the bankruptcy process, obtain their informed consent to his limited representation, or notify them about the impending meeting of creditors. *Id*.

14. Services performed by an attorney that are not in conformity with the rules of professional conduct for competence and diligence are unlikely to be "reasonable" or to provide any value to a debtor's estate. *See In re Maurer*, No. 04-21629-TLM, 2005 WL 4704995 (Bankr. D. Idaho Apr. 7, 2005) (disgorgement was ordered where the attorney had not presented any credible excuse explaining his neglect and his failure to comply with even the most fundamental filing requirements and rules).

15. The record in this case demonstrates that the work performed by Mr. Rosellini was wholly inadequate and should not be entitled to compensation. Counsel failed to attend the IDI, never filed a retention application, never filed his Rule 2016(b) disclosure, violated this court's order when he failed to file Missing Documents, and admitted in open court that the sole purpose of filing was to delay a secured creditor in the Diamond Condo case in the Southern District of

4

New York.

16. Mr. Rosellini accepted a $500 payment for legal services, but failed to perform fundamental requirements of the bankruptcy process including not attending the IDI and not filing Missing Documents.

17. These circumstances are similar to *Hale* where "the only service . . . provided to Debtors was the completion of a bankruptcy petition that was incomplete and erroneous and that required extensive amendments." *See Hale*, 509 F.3d at 1147. The petition was a skeletal petition and Mr. Rosellini subsequently filed an amendment to the Social Security number listed on the petition when the U.S. Trustee brought to the Court's attention that two numbers were likely transposed. *See* Docket Entry 30. No schedules were ever filed.

18. "Congress intended that the filing of a chapter 11 petition and the coincident triggering of the automatic stay would afford debtors a 'breathing spell' from 'all collection efforts, all harassment, and all foreclosure actions.'" *See Fields Station LLC v. Capitol Food Corp of Fields Corner* (*In re Capitol Food Corp. of Fields Corner*), 490 F.3d 21, 25-26 (1st Cir. 2007) *quoting* H.R.Rep. No. 95-595 at 340 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 at 6296-97. Even so, the Third Circuit has noted:

> The protection of the automatic stay, however, is not *per se* a valid justification for a Chapter 11 filing; rather it is a consequential benefit of an otherwise good faith filing. As such, courts universally demand more of Chapter 11 petitions than a naked desire to stay pending litigation, and any perceived benefit of the automatic stay, without more, cannot convert a bad faith filing to a good faith one."

*See Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Memorial Corp.),* 589 F.3d 605, 620 (3d Cir. 2009) *citing Integrated Telecom*, 384 F.3d at 128. Here, Mr. Rosellini represented to the Court that the purpose of this filing was to delay a proceeding filed in the Southern District of New York

5

Bankruptcy Court. In no way does that purpose comport to the intent of Congress or the holding of the Third Circuit.

19. Mr. Rosellini has the burden to demonstrate the reasonableness of his fees under § 329 of the Bankruptcy Code.

20. There are many touchstones that the Court may draw on to determine the reasonableness of Mr. Rosellini's fees. These include the factors outlined in § 330(a)(3) and relevant case law involving attorney compensation in bankruptcy.

21. In addition and separate from disgorgement under § 329, the Court may order the disgorgement of some or all of Mr. Rosellini's fees by finding Mr. Rosellini violated the rules of professional conduct or by applying the Court's inherent authority to police the actions of the attorneys that appear before it.

22. These facts indicate that the quality of the representation provided by Mr. Rosellini to the Debtor was lacking and that it would be unreasonable for Mr. Rosellini to keep the $500 for his services. His actions, which included violating a Court Order and admitting in an open hearing that the case was a bad faith filing, provided no benefit to the Debtor and led the Court to dismiss the case. As in *Maurer*, where no compensation was warranted because the Court found that any tangible value from counsel's services "was more than offset by the injuries resulting from the balance of his conduct," Mr. Rosellini has similarly offered "[n]o credible excuse . . . for [his] neglect of the case and failure to attend even the most fundamental filing requirements and rules." *Maurer*, 2005 WL 4704995 at *3. It is difficult to determine how the Debtor gained *any* proper benefit from Mr. Rosellini's representation, and this Court should not endorse counsel's conduct by permitting his fees to be paid by the estate.

## CONCLUSION

For the foregoing reasons, the U.S. Trustee requests that this Court order that all fees be disgorged and returned to the Debtor pursuant to 11 U.S.C. § 329(b) and any such other remedies the Court deems just and appropriate.

        Respectfully submitted,

        ANDREW R. VARA
        ACTING UNITED STATES TRUSTEE
        REGION 3

By: */s/ David Gerardi*
        David Gerardi
        Trial Attorney

DATED: July 12, 2017