| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | : <br> : **CERTIFICATION** <br> : **IN OPPOSITION TO MOTION** |
| KENNETH ROSELLINI, ESQ. (6047) <br> Attorney at Law <br> 636A Van Houten Avenue <br> Clifton, New Jersey 07013 <br> (973) 998-8375  Fax (973) 998-8376 <br> Attorney for Debtor Felice Di Sanza | : **TO DISGORGE ATTORNEY'S FEES** <br> : <br> : <br> : <br> : <br> : |
| In Re: <br><br> Debtor Felice Di Sanza, <br><br> Debtor. | : <br> : Case No.: 17-10984-RG <br> : <br> : <br> : Chapter 11 <br> : |

I, **KENNETH ROSELLINI**, do hereby certify the following in lieu of oath or affidavit:

1. I am former Counsel for the Debtor in the above-captioned matter.

2. The Certification of Tina Oppelt, Paralegal, of the Acting United States Trustee indicates that I failed to file schedules in this matter in violation of this Court's Order of February 21, 2017 and only filed an Amended List of Creditors on March 6, 2017.

3. In fact, the Order of February 21, 2017 was a grant of extension of time to file schedules to February 27, 2017, and the Debtor had decided prior to February 27, 2017 to proceed with dismissing the bankruptcy case.

4. I am bound by attorney-client privilege as to the communications with the Debtor regarding this decision, but I was never in a position to file schedules, due to no fault of my own, and the United States Trustee has no evidence to the contrary—because there is none.

5. On March 1, 2017, I filed a cross-motion to dismiss this case in accordance with the instructions of the Debtor.

6. The United States Trustee's Brief indicates that it filed a motion on February 28,

2017 to which the Debtor did not object, but fails to mention that the Debtor was seeking dismissal at that time, and filed his own cross-motion for dismissal on March 1, 2017.

7. On March 1, 2017, an in-Court status conference was held and it was agreed by all parties, including the United States Trustee, that the matter would proceed towards dismissal and that the Debtor would only be required to file an Amended List of Creditors—which I did file on March 6, 2017 in accordance with this Court's directives and the agreement of all parties.

8. Likewise, with knowledge that the Debtor and all parties were moving to dismiss the case, the United States Trustee no longer requested that the Debtor submit to an interview.

9. The United States Trustee, therefore, was in agreement and consented to my course of conduct as counsel in this matter with regard to filing schedules and conducting of the debtor interview, and did not proceed with a motion to convert to Chapter 7 or to appoint a Chapter 11 Trustee.

10. The United States Trustee's Brief states that, "At the February 14, 2017 hearing, Debtor's counsel represented to the Court that this case was filed solely to delay a separately filed case in the Southern District of New York, Diamond Condo LLC (Case no. 16-10619 (MKV)), of which the Debtor is a principal."

11. This is a patently false statement and misrepresentation of the facts.

12. First, as I have stated, the primary purpose of the within bankruptcy was to stay a foreclosure sale based upon a judgment in the Supreme Court of the State of New York of 170 East 77th Street, Apartments 7A/8A, New York, New York 10075, for the purpose of reorganizing the debt on that property and preserving any equity that the Debtor may have in that property, as the sole principal of Diamond Condo LLC.

13. The Debtor did not appear in his individual capacity in the Southern District of

New York bankruptcy matter, and to indicate that the bankruptcy was filed to stay the Southern District of New York case is patently absurd.

14.  Second, I never said that the bankruptcy was filed "solely to delay" anything.

15.  The purpose of the bankruptcy was to preserve the bankruptcy estate, and for the Debtor to attempt to preserve his interest in 170 East 77th Street, Apartments 7A/8A, New York, New York 10075 in order to reorganize.

16.  As I stated in my Certification of February 14, 2017 in opposition to Relief from the Stay, the "Debtor informed me [on February 13, 2017] that Diamond Condo, LLC (of which Debtor is the Sole Owner) [had] obtained a mortgage commitment letter for a mortgage that will be able to satisfy the debt due to the Creditor within the next thirty days, subject to certain conditions contained therein (including dismissal of the related Chapter 11 for Diamond Condo, LLC in the Southern District of New York, Case Number 16-10619-mkv) and the extension of loan pay-off terms that the Creditor had previously agreed to."

17.  When the Court issued an Order Granting Relief from the Stay to Knighthead SSRE REIT, Inc. ("Knighthead"), the primary purpose of Debtor's filing the bankruptcy was defeated, and no plan of reorganization of any kind could have saved the Debtor's interest in that property, which would have been essential to the Debtor's plan.

18.  By March 1, 2017, however, the Debtor had understood (mistakenly as it turns out) that the Knighthead debt had been amicably resolved with Knighthead, and wished to dismiss the bankruptcy proceeding.

19.  As a result, I filed a Certification on March 1, 2017 indicating that: "The Debtor seeks dismissal of this case voluntarily, and in good faith, for cause under the bankruptcy code, as the primary cause and purpose for filing the bankruptcy case, to reorganize and refinance the

debt with Knighthead SSRE REIT, Inc. (which has obtained relief from the stay) appears to have been resolved, with the parties currently attempting to schedule a closing date for the refinancing. The Debtor no longer wishes to proceed with a bankruptcy petition at this time, and would be unable to effectuate substantial consummation of a confirmed plan."

20. Therefore, at no time did I ever represent that the sole purpose of the bankruptcy filing was for "delay", and I can only speculate that the United States Trustee made this false representation because it did not have a full grasp of the facts before it, as two different attorneys have appeared in this matter on the United States Trustee's behalf, and the paralegal did not fully understand all the facts of the proceedings.

21. Furthermore, dismissal of this case in light of the aforementioned was in the best interests of the Debtor, and superseding counsel sought the exact same course of action, resulting in the same dismissal which I had already negotiated and placed in the record.

22. Therefore, under the circumstances, a $500 attorney's fee, for all of the aforementioned legal work, is more than reasonable.

23. As set forth *supra*, the United States Trustee's account of the procedural history of this case and my conduct as counsel is false, and therefore there is no factual basis for the seeking of disgorgement of the $500 total legal fee.

24. All of the cases cited by the United States Trustee involve attorneys who failed to properly proceed based upon what the debtor in those cases provided them and the procedure in those case.

25. In the within matter, the United States Trustee has failed to provide any evidence that I was provided with adequate information by the Debtor to proceed with filing schedules in this matter, or that the filing of schedules and proceeding with a Chapter 11 bankruptcy after the

primary purpose of preserving the Debtor's interest in 170 East 77th Street, Apartments 7A/8A, New York, New York 10075 was defeated, was even feasible for the Debtor.

26. In fact, Debtor's superseding counsel also proceeded with dismissal of the case, demonstrating that either a Chapter 11 case was no longer feasible after the stay was lifted as to Knighthead, or that dismissal of the case was the best legal course of action for the Debtor.

27. The United States Trustee cannot say otherwise.

28. In addition, the United States Trustee fails to set forth how the cases cited are applicable to the within case.

29. For example, *In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 626 (3d Cir. 2009) found that, "The Debtors have failed to show that their Chapter 11 bankruptcy petitions served valid bankruptcy purposes because the bankruptcies did not maximize the Debtors' estates. Moreover, the timing of the Debtors' filings, two months prior to a trial in which they and the GSF Entities faced substantial liability, show that the bankruptcy petitions were filed primarily as a litigation tactic."

30. In the within matter, the bankruptcy petition was clearly filed to preserve the assets of the bankruptcy estate and was filed to reorganize the debt, and was clearly not a litigation tactic.

31. Again, the United States Trustee's repeated assertion in its brief that I stated that "the purpose of the filing was to delay a proceeding filed in the Southern District of New York Bankruptcy Court" is completely absurd and has no basis in fact or law, as the filing in the within matter most certainly did not delay any proceeding filed in the Southern District of New York Bankruptcy Court.

32. Likewise, the United States Trustee's assertion that I violated a Court Order by

not filing schedules both not supported by the record, and the United States Trustee agreed that schedules would not be filed in this case at the March 1, 2017 status conference.

33. Finally, the United States Trustee's assertion that, "It is difficult to determine how the Debtor gained *any* proper benefit from Mr. Rosellini's representation" has no basis, as the United States Trustee has no evidence that I could have done anything more than I did for the Debtor in this case under the circumstances of this case.

34. The cases cited by the United States Trustee for disgorgement all involve a determination that the debtor wanted to proceed but could not do so due to the conduct of counsel.

35. For example, in *In re Maurer*, No. 04-21629-TLM, 2005 WL 4704995, at *4 (Bankr. D. Idaho Apr. 7, 2005), the court concluded that "the basis of the dismissal—the missing documents—was the fault of Counsel, and that Debtors were not made fully aware of the filing problems or possible consequences. Cause exists to reopen and reinstate the case. *See* § 350(b); *see also* § 105(a). The dismissal will be set aside, and the case will be reopened."

36. In the within matter, superseding counsel has also determined that the best course of action was dismissal, and no subsequent filing or filing of schedules has been made.

37. It seems as if the United States Trustee would have me subpoena my own client's documents, draft the schedules, come up with a plan, sign it in my name, fund it and reorganize for the Debtor—after all parties including the United States Trustee agreed that the case should be dismissed.

38. The motion of the United States Trustee has no basis in law or fact (it is in fact factually inaccurate and misleading to say the least), and must be denied.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Kenneth Rosellini

Dated: August 8, 2017

_____
KENNETH ROSELLINI